UNITED STATES *v.* SUPPLEE-BIDDLE HARD-
WARE COMPANY

APPEAL FROM THE COURT OF CLAIMS.

No. 477. Argued April 9, 1924.—Decided May 26, 1924.

1. The " Revenue Act of 1918 " (passed February 24, 1919), in the income tax provisions applicable to corporations, adopts the definition of gross income applicable to individuals (§ 213), which excludes " the proceeds of life insurance policies paid upon the death of the insured to individual beneficiaries or to the estate of the insured ". *Held,* that there was no purpose, in the exemption, to distinguish between individual beneficiaries and corporate beneficiaries, and that the proceeds of insurance taken by a corporation on the life of an important official, to secure its financial position and indemnify itself against loss of earning power in case of his death, were not taxable as income under the act. P. 194.

2. Assuming that Congress could tax proceeds of such indemnity life insurance as income, its purpose to do so should be express, in view of the popular conception of life insurance as resulting in a single addition to the resources of the beneficiary and not in a periodical return. P. 195.

3. A construction of a war taxing act as imposing both an income and an estate tax on the proceeds of life insurance should be avoided unless required in express terms. *Id.*

58 Ct. Clms. 343, affirmed.

APPEAL from a judgment of the Court of Claims allowing recovery of money paid under protest as an income tax.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* and *Mr. Fred E. Hamilton* were on the brief, for the United States.

Under the terms of the Revenue Act of 1918, the proceeds of life insurance payable to corporate beneficiaries are taxable as income.

The definition of gross income in the case of a corporation is exactly the same as in the case of an individual. It includes gains, profits, and income derived from any source whatever, and the specific mention of certain forms of income cannot narrow the meaning of this all-inclusive language. The proceeds of these insurance policies represented a gain, a profit, and an income growing out of the transaction of a business carried on for gain or profit. If the general language admits of any doubt, the specific language removes the doubt. That Congress, in all legislation passed since the Sixteenth Amendment, regarded the proceeds of life insurance policies as a form of income which they had authority to tax is shown by a comparison of the language used in the various acts. Act of October 3, 1913, c. 16, § II, subd. b, 38 Stat. 114; T. D. 2090, December 14, 1914; Act of September 8, 1916, c. 463, § 4, 39 Stat. 756; Act of October 3, 1917, c. 63, 40 Stat. 300; Revenue Act of 1918, § 213; Act of November 23, 1921, c. 136, 42 Stat. 227.

First, the proceeds of life insurance policies were exempt when paid to individual beneficiaries, and this restricted exemption was continued until after the armistice. Then the exemption was further extended to include policies payable to the estate of the insured, and, finally, after the war was over and the necessity for extreme taxation had passed, the restrictions were wholly removed, and they are now wholly exempt.

The proceeds of the policies are included by direct language and the court below has been forced to resort to implication in order to exclude them. Everything not excluded is taxed. Everything not specifically excluded is income. Everything is included that the statute does not exempt, and the first item exempted is the proceeds of life-insurance policies paid upon the death of the insured to individual beneficiaries or their estates. The construction of the act by the Court of Claims fails wholly to give effect to the words "individual beneficiaries or to the estate of the insured." This language surely has a different meaning from the language employed in the Acts of 1913, 1916, and 1917. According to the reasoning of the Court of Claims, these words have no meaning, and the Act of 1918 means the same as the Acts of 1913 and 1921.

See *Commercial Health & Accident Co.* v. *Pickering,* 281 Fed. 539.

The omission of the words "individual beneficiaries" in the Act of 1921 does not amount to a legislative construction of the Act of 1918 and to a declaration that it was never the intention of Congress to attempt to tax such proceeds of insurance as income. *United States* v. *Field,* 255 U. S. 257; *Shwab* v. *Doyle,* 258 U. S. 529; *Smietanka* v. *First Trust & Savings Bank,* 257 U. S. 602; *New York Trust Co.* v. *Eisner,* 256 U. S. 345.

Proceeds of insurance policies on the lives of officers of a corporation taken out by it for its benefit constitute income within the meaning of the Sixteenth Amendment when received by the corporation. *Merchants' Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509; *United States* v. *Phellis,* 257 U. S. 156; *Connecticut Mutual Life Ins. Co.* v. *Schaefer,* 94 U. S. 457; *Marvin* v. *Mayesville Street R. R. Co.,* 49 Fed. 436.

*Mr. Frank Davis, Jr.,* and *Mr. Frederic L. Clark,* with whom *Mr. A. Mitchell Palmer* and *Mr. William D. Harris* were on the brief, for appellee.

The proceeds of life insurance are not within the definition of gross income as found in § 213 of the Revenue Act of 1918 and such proceeds are not taxable under said act. *Towne* v. *Eisner*, 245 U. S. 418; *Eisner* v. *Macomber*, 252 U. S. 189.

Life insurance proceeds are not "income" within the meaning of the Sixteenth Amendment and are therefore not taxable.

*Mr. Henry Necarsulmer* and *Mr. Max J. Kohler*, by leave of Court, filed a brief as *amici curiae*.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Supplee-Biddle Hardware Company sued the United States in the Court of Claims to recover $55,-153.89, with interest, as taxes illegally assessed on the proceeds of two life insurance policies paid to it as the beneficiary on the death in 1918 of the insured, Robert Biddle, 2nd. Biddle was elected President of the Company in February, 1917. He was then thirty-seven years of age, in good health, and had for nearly twenty years held various offices in the Biddle Hardware Company, which had merged with the appellee company in January, 1914. He was a man of ability, energy and initiative and was so regarded in the hardware trade. The returns from the Company's business under Biddle's management had been much increased. At the instance of the Board of Directors and the expense of the Company, he took out the two policies for $50,000 each. They were term policies for five years. The Company intended thus to make secure its financial position, and to indemnify itself against losses to its earning power in the event of Biddle's death.

The Revenue Act of 1918, which was passed February 24, 1919 (40 Stat. 1057, c. 18), in prescribing the income to be taxed, deals first with individuals, from § 212 to

§ 228, inclusive. Then follows provision for the rate of income tax on corporations, beginning with § 230. Section 233(a) says " That in the case of a corporation subject to the tax imposed by section 230 the term ' gross income ' means the gross income as defined in section 213," with certain exceptions not here material. Section 213 defines the gross income for individuals as follows:

" That for the purposes of this title (except as otherwise provided in section 233) the term ' gross income '—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service . . . of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever . . . ; but

"(b) Does not include the following items, which shall be exempt from taxation under this title:

"(1) The proceeds of life insurance policies paid upon the death of the insured to individual beneficiaries or to the estate of the insured."

The Treasury Department, construing these sections, held that the proceeds of insurance policies paid to a beneficiary which was a corporation, were not exempted and were included as " gains . . . from any source whatever." Under this ruling the appellee was forced to pay a tax of $84,737.95 on the proceeds of the two policies of $97,947.28. The Commissioner of Internal Revenue reduced this amount by $29,584.06 in accordance with the powers conferred upon him by §§ 327 and 328 of the Revenue Act of 1918 to reduce the rate of taxation in cases of unusual hardship. There remained, however, the sum of $55,153.89, which tax the appellee paid under

protest, and for this with interest, the Court of Claims gave judgment to the appellee.

We think the Treasury Department erred in assuming that Congress intended by §§ 233 and 213 to distinguish between individual beneficiaries and corporate beneficiaries in including the proceeds of life insurance policies as within gross income. We think the two sections have no such purpose. Section 213 primarily applies only to the taxing of individuals. The union of proceeds of life insurance payable to individual beneficiaries and to the estate of the assured was thus intended to emphasize the exclusion from taxation in the hands of individuals of all such proceeds and to leave no doubt of it. The meaning is the same as if the clause had read " the proceeds of life insurance shall not be included in gross income whether they are paid to individual beneficiaries or to the estate of the assured." When Congress came to deal with the gross income of corporations, it made use of § 213 by reference and grafted it on to § 233. It is reasonable that the purpose of § 213 to exclude entirely the proceeds of life insurance policies from taxation in the case of individuals should be given the same effect in adapting its application to corporations, and that such proceeds should be so excluded whether by the direction of the insured they were to go to specially named beneficiaries or were to inure to the estate of the insured.

Nor do we find any difficulty with the expression in paragraph (b) which *exempts* proceeds of life insurance from gross income. The word is used not to indicate that they would be otherwise included in the income to be taxed, but only to make clear that the gross does not include them.

It is earnestly pressed upon us that proceeds of life insurance paid on the death of the insured are in fact capital and can not be taxed as income under the Sixteenth Amendment. *Eisner* v. *Macomber*, 252 U. S. 189, 207;

*Merchants' Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509, 518. We are not required to meet this question. It is enough to sustain our construction of the act to say that proceeds of a life insurance policy paid on the death of the insured are not usually classed as income.

Life insurance in such a case as the one before us is valid and is not a wagering contract. There was certainly an insurable interest on the part of the Company in the life of Biddle. *Mutual Life Insurance Co.* v. *Board,* 115 Va. 836; *Keckley* v. *Coshocton Glass Co.,* 86 Oh. St. 213; *Mechanicks National Bank* v. *Comins,* 72 N. H. 12; *United Security Life Ins. & Trust Co.* v. *Brown,* 270 Pa. St. 264. Life insurance in such a case is like that of fire and marine insurance, a contract of indemnity. *Central Bank of Washington* v. *Hume,* 128 U. S. 195. The benefit to be gained by death has no periodicity. It is a substitution of money value for something permanently lost either in a house, a ship, or a life. Assuming without deciding that Congress could call the proceeds of such indemnity, income, and validly tax it as such, we think that in view of the popular conception of the life insurance as resulting in a single addition of a total sum to the resources of the beneficiary, and not in a periodical return, such a purpose on its part should be express, as it certainly is not here.

This view is strengthened by the fact that under § 402, p. 1097, of the same Revenue Law of 1918, a decedent's estate tax is levied, with rates ranging from one per centum to twenty-five per centum on the net estate which is made to include (par. f) " the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." The result of the construction put by the Government upon §§ 233, 230 and 213

would be to impose a double tax on the proceeds of the two policies in this case over and above $40,000, i. e., an income tax and an estate tax. Such a duplication even in an exigent war tax measure is to be avoided unless required by express words.

*The judgment of the Court of Claims is affirmed.*