## C. A. HAWKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 418. Promulgated April 25, 1927.

1. General or compensatory damages received by way of settlement for injury to personal reputation and health caused by defamatory statements constituting libel or slander are not income.
2. *Query* as to special or exemplary damages.

*A. E. Graupner*, *Esq.*, for the petitioner.
*A. R. Marrs*, *Esq.*, for the respondent.

Deficiency of $19,718.39 income tax for 1919, part of which is contested on the ground that the Commissioner erroneously included in petitioner's income an amount received in settlement of a claim for libel and slander. There is no brief or argument for respondent.

### FINDINGS OF FACT.

Petitioner, an individual residing in San Francisco, Calif., was an industrial engineer engaged in corporate management. Prior to March 23, 1918, he had for some time been president of the C. L. Best Gas Traction Co. On that date he was removed from office by the directors, and thereafter certain of the officers of the corporation made and published defamatory statements about him. He instructed his attorney to file against the corporation and the individual officers a suit in libel and slander demanding $1,000,000 damages for injury to his reputation, business and health. Two of the officers of the corporation had already filed suits against the petitioner, one for libel and one for money owed by reason of an alleged misuse of corporate funds during petitioner's term of office. Before petitioner's attorney began the suit in his behalf a settlement of petitioner's claims was orally negotiated and made. By this settlement the petitioner received, on or about January 15, 1919, $100,000 in cash and the corporation's note for $12,500. He also received $306.41 as interest. In further consideration under the settlement agreement the two suits which had been begun against him were dismissed.

### OPINION.

STERNHAGEN: The consideration of the question whether the damages received for libel and slander are taxable as income must proceed not so much according to the refinements of economists, *Lynch* v. *Turrish*, 247 U. S. 221; *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509, as according to such decisions of the Supreme Court as mark the course. That stock dividends, *Eisner* v. *Macomber*, 252 U. S. 189; stock rights, *Miles* v. *Safe Deposit & Trust Co.*, 259 U. S.

247; subsidies, *Edwards* v. *Cuba R. R. Co.*, 268 U. S. 628; or savings, under certain circumstances, on the liquidation of indebtedness through a drop in foreign exchange, *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, have been held not to be income; while the gain from capital sales, *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509; *Goodrich* v. *Edwards*, 255 U. S. 527; dividends in specie, *Peabody* v. *Eisner*, 247 U. S. 347; *United States* v. *Phellis*, 257 U. S. 156; and periodic payments under a will from a trust fund in which the payee has no direct interest, *Irwin* v. *Gavit*, 268 U. S. 161, have been held to be income, narrows the course but little, because the nature of the situations which gave rise to those decisions is inherently different from the question here.

The petitioner cites some of these decisions for the statement therein contained that income is the gain derived from capital or labor or both, including profit from the conversion of capital assets, and that nothing else answers the description. Whether this description of income is to be regarded as exclusive of everything not clearly within its terms, so that both the Sixteenth Amendment and the statute (which is said to be the fullest exercise of the constitutional power, *Eisner* v. *Macomber*, 252 U. S. 189; *Irwin* v. *Gavit*, 268 U. S. 161) are forever to be limited by a judicial definition, may still be doubtful, for the Supreme Court is not in the habit of defining words abstractly, but only for the purpose of determining whether the matter then under consideration comes within their fair intendment. The court has itself said that the word is not a crystal, *Towne* v. *Eisner*, 245 U. S. 418, and it is conceivable that since the income tax is primarily an application of the idea of measuring taxes by financial ability to pay, as indicated by the net accretions to one's economic wealth during the year, there may be cases in which taxable income will be judicially found although outside the precise scope of the description already given.

This we think is not such a case, but is on the other hand one which in no event involves income. So far as the evidence shows, the amount which petitioner received was wholly by way of general damages for the personal injury suffered by reason of the defamatory statements made. It was compensation for injury to his personal reputation for integrity and fair dealing, including, as the record indicates, the injury to his health. This is the ordinary basis for compensatory damages, *Childers* v. *San Jose Mercury Printing & Publishing Co.*, 105 Cal. 284; 38 Pac. 903. No suggestion is made that there was special damage paid or that any was asserted or that punitive or exemplary damages were claimed or paid; and we need not consider the law as to them. Here there is only the compensation which the law sanctions as the only remedy which has thus far been devised for an injury which in its nature is wholly personal

and nonpecuniary. Even to the economist, character or reputation or other strictly personal attributes are not capital or otherwise measurable in terms of wealth, notwithstanding that all will recognize them as important factors of economic success. They are not property or goods. Such compensation as general damages adds nothing to the individual, for the very concept which sanctions it prohibits that it shall include a profit. It is an attempt to make the plaintiff whole as before the injury.

There is some support for this reasoning in the dictum of the Chief Justice in *United States* v. *Supplee-Biddle Hardware Co.*, 265 U. S. 189, as to the insurance received by a corporation upon the life of its officer:

* * * Life insurance in such a case is like that of fire and marine insurance, a contract of indemnity. *Central Bank of Washington* v. *Hume*, 128 U. S. 195. The benefit to be gained by death has no periodicity. It is a substitution of money value for something permanently lost, either in a house, a ship, or a life. Assuming without deciding that Congress could call the proceeds of such indemnity, income, and validly tax it as such, we think that in view of the popular conception of the life insurance as resulting in a single addition of a total sum to the resources of the beneficiary, and not in a periodical return, such a purpose on its part should be express, as it certainly is not here.

If compensation for the loss of a life is not taxable as income unless expressly provided, compensation for the injury to personal reputation should similarly require an express provision.

Alimony has been held not to be taxable income, *Gould* v. *Gould*, 245 U. S. 151.

The amount of $306.41, so far as the evidence shows, was interest, and so is expressly within statutory gross income. The amount of $112,500 was properly omitted by petitioner, and as to it the Commissioner is reversed.

> *Judgment will be entered on 15 days' notice, under Rule 50.*