PALM BEACH MATHER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43850. Promulgated October 29, 1931.

James J. O'Byrne, Esq., for the petitioner.
O. J. Tall, Esq., for the respondent.

# 538

McMAHON: Petitioner alleges three errors and these will be disposed of in the order stated.

1. With respect to the first assignment of error, relating to the addition to net income for the taxable period of $13,887.86, representing collections received during taxable period on sales made prior thereto, petitioner contends that, having changed its method of reporting taxable income from the accrual to the installment basis, collections in the taxable period on account of sales made in prior periods should be excluded from gross income of the taxable period for the reasons (a) that petitioner, having reported in prior taxable periods entire profit from sales effected during such periods and paid taxes thereon, the inclusion in the gross income of any portion of such collections in the taxable period involved would result in double taxation, and (b) that such collections in the taxable period reported as income in prior years are but a return of capital and consequently not taxable.

(a) With respect to the effect of change of method of accounting, we desire to emphasize by repeating what was said in *Blum's, Inc.,* 7 B. T. A. 737:

\* \* \* While the fact that the entire profits from the sales represented by those accounts were included in gross income for 1917, in accordance with the method then employed for returning income, presents a situation with a strong appeal, we can not overlook the fact that *income taxes are levied upon the gains and profits of annual periods, and that each annual period must necessarily, under the provisions of the taxing statutes, stand by itself. Appeal of Atkins Lumber Co., 1 B. T. A. 317. Any situation which arises, in any taxable year, whether it involve the inclusion of a gain or profit in gross income, or the deductibility of an item of expense or loss, must be considered in relation to the method employed in returning income for that year.* The fact that certain accounts receivable of a prior year have been included in the income of that year does not determine the treatment to be accorded them in a subsequent year, after a change in the method of returning income, when they are ascertained to be worthless and uncollectible. The deduction which a taxpayer is entitled to make from the income of any taxable year, on account of debts ascertained to be worthless and charged off within that year, depends entirely upon the method employed in returning income for that year. The rule is that all items of income and expenses and losses must be consistently accounted for on the same basis. *Appeal of Henry Reubel,* 1 B. T. A. 676; *United States v. Mitchell,* 271 U. S. 9; *Appeal of Owen-Ames-Kimball Co.,* 5 B. T. A. 921. \* \* \* [Italics supplied.]

To same effect are *Warren Reilly,* 7 B. T. A. 1327; *Mayer & Co.,* 9 B. T. A. 815; *J. B. Bradford Piano Co.,* 15 B. T. A. 1045; and *C. Niss & Sons, Inc.,* 22 B. T. A. 732.

In *Blum's, Inc.*, *supra*, the question of double taxation was not raised, but in the case of *Mayer & Co.*, *supra*, this question was raised and it was there said:

Petitioner's last contention is that it should not be required to report, in the year received, installment payments on goods sold in previous years where the income from such sales has been returned for taxation. The principal ground for this contention is that it results in double taxation. Double taxation is not to be presumed, but if the taxing statute is clear, it is not invalid. Cf. *Ernest M. Bull, Executor* v. *Commissioner*, 7 B. T. A. 993. Here the express words of section 212(d) require that all installments received in the taxable year shall be returned. * * *

To constitute such double taxation the second tax must be imposed upon the same property, by the same state or government, during the same taxing period (37 Cyc. 754). In the instant proceeding the tax will be imposed in different taxing periods.

Petitioner relies on the case of *United States* v. *Supplee-Biddle Hardware Co.*, 265 U. S. 189, but the question involved in that case was whether proceeds from life insurance policies on the life of one of its officers paid to a corporation in the death of such officer was income to the corporation and taxable as such. This case is distinguishable from the instant proceeding.

Furthermore, we have held in *Ernest M. Bull, Executor*, 7 B. T. A. 993; *George D. Widener et al.*, 8 B. T. A. 651; and *Ella C. Loose, Executrix*, 15 B. T. A. 169, that estate tax and income tax are different in kind and incident; are not mutually exclusive because imposed in respect of the same matter; and therefore such double tax is not invalid.

Petitioner in its brief relies upon and quotes at length from the opinion in the case of *National Bank of South Carolina* v. *Lucas*, 36 Fed. (2d) 1013, wherein the Court of Appeals of the District of Columbia reversed *National Bank of South Carolina*, 10 B. T. A. 642. In that case the court held that the provisions of sections 212 (b) and 213 reposed in the Commissioner sufficient discretionary power to allow as a credit or a deduction from gross income on the return of one year, amounts therein included which had been returned and taxed in a prior year. Section 212 (b) provides that if the method of accounting employed by the taxpayer does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income, and section 213 provides that all items of income enumerated therein shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under permitted methods of accounting, any such amounts are to be properly accounted for as of a different period.

With all due respect to the court, we can not subscribe to the view that these provisions repose any such discretion in the Commissioner. However, even if the language of those sections could be construed to repose such discretion in the Commissioner, in our opinion, such discretion, if any, is limited by the provisions of the revenue acts expressly setting forth the deductions and credits which may be allowed.

Furthermore, in this proceeding, we are governed by section 212 (d), which expressly provides as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the *installment payments actually received in that year* which the total profit realized or to be realized when the payment is completed, bears to the total contract price. * * * [Italics supplied.]

This same question was before the Board in *Mayer & Co., supra,* and since that case involved the same question and the same section of the revenue act, it is controlling in this proceeding. See *Jacob Brothers Co.* v. *Commissioner,* 50 Fed. (2d) 395.

(b) With respect to the first assignment of error petitioner further contends that collections in the taxable period covering sales made in prior periods and previously reported as income are not income in the taxable period, but represent in fact a return of capital and therefore are not taxable; that under an accrual basis of accounting, accounts remaining unpaid become accounts receivable, which is an asset account; and that collections on account of accounts receivable in subsequent periods are return of capital to the extent of the value of the accounts receivable at the time they were acquired, citing *Ruth Iron Co.,* 4 B. T. A. 1151, in support thereof.

As before stated, gross income is determined according to the method of accounting employed in the taxable period and not according to the method of accounting employed in previous periods. The statute expressly provides the method for computing income for sales on the installment plan, being a certain proportion of the " installment payments actually received " in the taxable period. The Board has consistently held that, upon a change from the accrual to the installment basis of accounting, collections in the taxable year on account of accounts receivable representing sales in prior years are income in the taxable year.

The relief provisions of section 705 of the Revenue Act of 1928 are not applicable to the instant proceeding.

It is true that accounts receivable on an accrual basis increase assets and surplus by the amount of profits included in the accounts receivable, but on the cash basis and installment basis of accounting

profits are earned only when the accounts receivable are collected, and therefore on those bases of accounting accounts receivable are not considered asset accounts. See *Great Bear Spring Co.*, 12 B. T. A. 383.

The *Ruth Iron Co.* case, *supra*, is not in point as the notes in question were capital on March 1, 1913, the notes representing part of the purchase price paid prior to March 1, 1931, for capital assets. A change in the method of accounting would not affect the character of the items. The transaction constituted an exchange of capital.

The determination of the respondent in this respect is therefore approved.

2. The second assignment of error, relating to the correctness of the percentage of profit to be applied to collections on the installment sales basis received during the taxable period, was waived by counsel at the hearing, it being conceded by counsel for the petitioner that .24919 was the correct percentage to be applied. The determination of the respondent in this respect is therefore approved.

3. With respect to the third assignment of error, relating to the refusal of respondent to eliminate from net income upon petitioner's demand, the sum of $12,487.14, being the balance in an account designated reserve for bad debts, petitioner contends that the balance in the account, reserve for bad debts, is not income in the taxable period merely because in that period petitioner changed its accounting from an accrual basis to the installment basis. Petitioner claims it erred in reporting such balance as income for the taxable period and therefore this item should be eliminated.

In changing from the accrual basis of accounting to the installment sales basis, petitioner had to make certain adjustments in its books of account, and in making these adjustments an erroneous entry of any item to income, or a mere adjustment of accounts to effect the change from one method to the other, does not create income if in fact it was not income in the taxable period.

The Board held in the case of *Fibre Yarn Co.*, 10 B. T. A. 479, that a reserve, set up for a future loss in 1919, written off the books in 1922, and credited to surplus account, was not income in 1922; and that the bookkeeping entry made in 1922 did no more than restore to surplus a portion thereof previously set aside for a special purpose. In *Blum's, Inc., supra*, it is stated that:

The deduction which a taxpayer is entitled to make from income of any taxable year on account of debts ascertained to be worthless and charged off within that year, depends entirely upon the method employed in returning income for that year. The *rule is that all items of income and expenses and losses must be consistently accounted for on the same basis.* [Italics supplied.]

As to income the installment basis of accounting is the same as the cash basis, i. e., actual receipts only are income. The reserve for bad

debts consisted, not of accounts actually written off on the books of account, but amounts credited to that account and charged to profit and loss. The accounts receivable account was not affected by these entries. As the accounts receivable of petitioner are collected from time to time the amounts actually received will be income, under the installment plan, in the year actually received, as heretofore stated.

The determination of the respondent in refusing to eliminate the balance of the reserve for bad debts in the amount of $12,487.14 from income in the taxable year is therefore not approved.

*Judgment will be entered under Rule 50.*