CHEMUNG CANAL TRUST COMPANY, PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69957.   Promulgated March 29, 1934.

*William Flannery, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

OPINION.

MORRIS: This proceeding is for the redetermination of deficiencies
in income tax of $4,249.99 and $6,102.75 for the taxable years 1929
and 1930, respectively, presenting for consideration the allegedly
erroneous action of the respondent by reason of his inclusion of
$51,546.88 in its income for those years, the amount representing
interest and discount on notes which it had included in income and
which had been subjected to income tax in the year 1928.

The petitioner is a corporation, duly organized and incorporated
under the laws of the State of New York, and has its principal
office in the city of Elmira, where it is engaged in the banking
business.

The petitioner included in its income tax return for the year 1928,
$51,546.88 as interest and discount upon notes owned by it, $28,633.55
of which amount represents interest earned during that year and
the balance of $22,913.33 represents interest earned in 1929.   There
was included in its return for the year 1929, $52,616.37 as such inter-
est and discount upon notes, which amount was actually collected
and received in the year 1930, of which the sum of $28,453.35 repre-
sents interest earned in 1929 and the balance of $24,163.02 represents
interest earned in 1930.   In its return for the year 1930 it reported
earned interest of $26,267.43.

Upon audit of the petitioner's return for the year 1929 the re-
spondent eliminated $52,616.37 from income and added $51,546.88
thereto, being the amount of interest actually received during that
year which had been reported in 1928, and he eliminated $26,267.43
from the reported income for 1930, at the same time adding thereto
$52,616.37, being the amount of interest actually received on its
notes in that year.

The petitioner was on the cash receipts and disbursements basis
of accounting during the years under consideration and so prepared
and filed its returns.

Prior to 1930 the petitioner's books of account made no distinction between earned and unearned interest and discount. In June of that year it installed a system of control accounts in which to record unearned income.

The petitioner concedes that *Chatham & Phenix Nat. Bank*, 1 B.T.A. 460, is directly in point and controls the issue presented unless the Board has recanted since the *National Bank of South Carolina* v. *Lucas*, 36 Fed. (2d) 1013.

The Board has consistently adhered to the principle enunciated in *Chatham & Phenix Nat. Bank, supra,* and as recently as *Escanaba & Lake Superior R.R. Co.*, 24 B.T.A. 412, which was promulgated subsequently to the decision of the Court of Appeals of the District of Columbia in *National Bank of South Carolina* v. *Lucas, supra,* it reiterated the views there expressed. Furthermore, the petitioner in *Palm Beach Mather Co.*, 24 B.T.A. 536, where the same principle was involved, cited and urged *National Bank of South Carolina* v. *Lucas, supra,* as authority, but we there said:

> With all due respect to the court, we can not subscribe to the view that these provisions repose any such discretion in the Commissioner. However, even if the language of those sections could be construed to repose such discretion in the Commissioner, in our opinion such discretion, if any, is limited by the provisions of the revenue acts expressly setting forth the deductions and credits which may be allowed.

We are of the opinion that the rule laid down in *Chatham & Phenix Nat. Bank, supra,* correctly interprets the plain mandate of the statute and that it should control the issue here presented.

*Judgment will be entered for the respondent.*