383 So.2d 1137 (1980)
Randy MILLER et al., Appellants,
v.
AGRICO CHEMICAL COMPANY et al., Appellees.
No. PP-385.
District Court of Appeal of Florida, First District.
May 21, 1980.
*1138 Jim Smith, Atty. Gen. and E. Wilson Crump, II, William D. Townsend and David K. Miller, Asst. Attys. Gen., for appellants.
Julian D. Clarkson, John Radey and Chesterfield Smith, John Radey and Julian D. Clarkson of Holland & Knight, Tallahassee, of Conley & Dooley, P.A., Sarasota, for appellant.
LARRY G. SMITH, Judge.
The Department of Revenue (DOR) appeals a final judgment entered by the circuit court awarding appellees-chemical companies (taxpayers) a refund of 1977 severance taxes paid under Section 211.30(5), Florida Statutes. The Department contends that the trial court erred in striking down its revised method of computing the tax for 1977 by means of which the Department added the amount of the severance tax itself to its formula for computing "value", for tax purposes. We affirm.
The Department presents a multi-faceted argument to support its basic contention that computation of the "value" of minerals at the point of severance, under Chapter 211, Part II, Florida Statutes, should include the severance tax which accrues at the time of severance. The Department argues that the severance tax is an element of cost, arising at severance, which a hypothetical seller at the point of severance would seek to recover. Thus, according to the Department, the amount of the tax should be included as part of the "value" of the minerals at severance. The Department emphasizes its position that the severance tax is an excise tax on the privilege of severance, so that the severing party becomes liable for the tax at the time of severance. It reasons that a hypothetical seller of phosphate rock at the point of severance would recognize that its liability for the severance tax had already arisen, and would pass this tax on to the customer. The Department recognizes that Florida courts have not adopted this principle, but it points to courts of other jurisdictions which have held that liability for oil and gas production taxes arise at the time the oil or gas is severed and reduced to possession. *1139 Humble Oil and Refining Company v. Calvert, 478 S.W.2d 926 (Texas 1972), cert. den. 409 U.S. 967, 93 S.Ct. 293, 34 L.Ed.2d 234 (1972); Texas Company v. Fontenot, 200 La. 753, 8 So.2d 689 (1949).
The Department further asserts that although the Florida courts have not had occasion to consider the "double taxation" argument presented by the taxpayers in the circuit court, other jurisdictions have upheld tax assessments which are similar to the Florida severance tax in their operation and effect, citing Hillard v. Big Horn Coal Company, 549 P.2d 293 (Wyo. 1976); and Cyprus Mines Corporation v. Madison County, 172 Mont. 116, 560 P.2d 1342 (1977).
Finally, the Department further attacks as inconsistent and illogical the taxpayers' contention that the last sentence of Section 211.30(5), which excludes any shipping, handling, processing or other charges arising between the point of severance and point of sale from determination of the "market price" at the point of severance of the minerals, also requires that the amount of the severance tax paid be similarly excluded in determining market price.
While we recognize and appreciate the position taken by the Department, resting as it does upon basic principles of taxation, we find no occasion to agree or disagree with the cases from other jurisdictions cited by the Department because we feel compelled to base our decision upon more mundane principles of statutory construction. Taxing statutes are to be construed in a light most favorable to the taxpayer, and strictly against the taxing authority, particularly where taxes are being imposed upon taxes, or double taxation is involved. The Supreme Court of the United States has applied such presumptions by rejecting double taxation in the absence of unequivocal statutes requiring such pyramiding of taxes. See Maass v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 85 L.Ed. 940 (1941); United States v. Supplee-Biddle Hardware Co., 265 U.S. 189, 44 S.Ct. 546, 68 L.Ed. 970 (1924); New Orleans v. Houston, 119 U.S. 265, 7 S.Ct. 198, 30 L.Ed. 411 (1886); Tennessee v. Whitworth, 117 U.S. 129, 6 S.Ct. 645, 29 L.Ed. 830 (1886).
Here the Department admittedly used one formula for the years 1974, 1975 and 1976, which did not include the severance tax as an element of "value"; then in 1977 the Department changed its formula by treating the severance tax as a cost to the taxpayer which it added to "value" of the minerals at the point of severance, even though there had been, in the meantime, no change in the statutory definition of "value," no change in administrative regulations pertaining to the severance tax, and no change in the industry which would justify a change in the computation of the taxable value of the phosphate. Furthermore, although amendments to the law were made in 1975 and 1977, the legislature did not redirect the Department as to the manner of determining the value upon which the tax should be assessed. A rule of statutory construction frequently applied is that the interpretation by an agency charged with administering a statute is to be given substantial weight. This rule has an even greater application when the agency attempts to change its administrative interpretation of the statute without any known or readily discernable reason for doing so. In this instance, we give greater weight to the first administrative interpretation, and reject its later unsolicited revision. See Hillsborough County Environmental Protection Commission v. Frandorson Properties, 283 So.2d 65, 68 (Fla. 2nd DCA 1973); Heftler Construction Company v. Department of Revenue, 334 So.2d 129 (Fla. 3rd DCA 1976). Accordingly, we affirm the decision of the trial judge awarding a refund of 1977 taxes, and requiring computation without reference to the Department's amended formula.
We also affirm the award of interest at 8% on the amount of the tax refunds found to be due to the taxpayers. § 55.03, Fla. Stat. The Department argues that there is no statutory authority for judgment interest on tax refunds. However, the cases cited as authority deal with claims for interest from the date of payment of the tax. State ex rel. Four-Fifty Two-Thirty *1140 Corporation v. Dickinson, 322 So.2d 525 (Fla. 1975). The judgment here awarded no interest on overpayments between the dates of the payment and the date of judgment. The award of interest was limited to interest accruing from the date of judgment.
The judgment appealed from is AFFIRMED.
McCORD and SHIVERS, JJ., concur.