Randy Miller Executive Director, Department of Revenue Tallahassee
QUESTION:
Does the tax on gross receipts for utility services levied by s.203.01, F. S., apply to receipts derived by utility companies from their charges for service connections?
SUMMARY:
There is serious doubt as to the applicability of s. 203.01, F. S., to receipts derived by utility companies from the charges for service connections. However, if the Department of Revenue has collected the instant tax and is continuing to do so, such action by the department would be an administrative interpretation of the subject section and is persuasive as to the application of s.203.01 to receipts derived by utility companies from charges for connections. Such an interpretation, although not necessarily controlling, is entitled to great weight and ordinarily will not be overturned except for most cogent reasons and unless clearly erroneous.
Section 203.01, F. S., reads, in pertinent part, as follows:
 Every person, including municipal corporations, receiving payment for electricity for light, heat or power, for natural or manufactured gas for light, heat or power, for use of telephones, and for the sending of telegrams and telegraph messages, shall report semiannually to the Department of Revenue . . . the total amount of gross receipts derived from business done within this state, or between points within this state . . . and, at the same time, shall pay into the state treasury the sum of $1.50 upon each $100 of such gross receipts. . . . (Emphasis supplied.)
It is an elementary rule of statutory construction that when a statute is clear and unambiguous on its face, a court will not look behind the words of the statute to arrive at the intent of the law. 30 Fla. Jur. Statutes s. 74, and Owen v. Cheney,238 So.2d 650 (2 D.C.A. Fla., 1970), cert. dismissed, 253 So.2d 869
(Fla. 1971). This same principle applies equally to taxing statutes. 31 Fla. Jur. Taxation s. 53. Generally, words in a statute should be given their plain and ordinary meaning, in the absence of an express statutory definition, and courts are required to give such words the meaning accorded them in common usage. Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Swerdloff v. Miami Nat. Bank, 584 F.2d 54 (5th Cir. 1978); Tatzel v. State,356 So.2d 787 (Fla. 1978); and Swartz v. State, 316 So.2d 618 (1 D.C.A. Fla., 1975). However, if there is any doubt as to the meaning of a particular statute, it is the legislative intent that is the polestar by which the courts must be guided and to this principle all rules of statutory construction are subordinate. Scarborough v. Newsome, 7 So.2d 321 (Fla. 1942). The entire statute must be considered in determining legislative intent, and effect must be given to every part of the provision under construction and every part of the statute as a whole; from a view of the whole law in pari materia, the reviewing court will determine legislative intent. State v. Gale Distributors, Inc.,349 So.2d 150 (Fla. 1977).
In an effort to determine legislative intent, it is sometimes helpful to look to the title of an act. Although a title cannot add to or enlarge the operation or effect of an enactment, a court may look to the title of a statute as an aid in its interpretation. 30 Fla. Jur. Statutes s. 108.
The title of ch. 15658, 1931, Laws of Florida, by which the previously quoted provisions of s. 203.01, F. S., were first brought into the statutes, provides that it was an act `[i]mposing a Tax upon all (persons) Receiving Payment for Electricity for Light, Heat or Power, and for Natural or Manufactured Gas for Light, Heat or Power and for the Use of Telephones and for the Sending of Telegrams and Telegraph Messages or Engaged in any such Business. . . .' The phraseology employed in the enacting provisions of ch. 15658 and in the present s. 203.01 is essentially and substantially the same insofar as is material to your question.
If the statute is considered in light of the language used in the title and the body of the act, as originally adopted in 1931, and as subsequently reenacted in essentially the same form and language, the words must be given the meaning accorded them in common usage. The tax is imposed on all persons receiving payment `for' electricity; `for' light, heat, or power; and `for' use of telephones. The word `for' is used in the title of ch. 15658, 1931, Laws of Florida, several times as a preposition and as such has several common meanings. The phrases `on account of,' `in consideration of,' and `for the use of' have all been used synonymously with the word `for.' 36A C.J.S. For; 17 Words and Phrases For. When these phrases are used in the context of the statute in question, it is apparent that the gross receipts tax is computed on payments received as consideration for electricity supplied for light, heat, or power and for the use of telephones. There is nothing in the statute to indicate that the payment is also in consideration or on account of service connection charges.
It is well settled in Florida that taxation statutes are construed most stringently against the authority imposing the tax. United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959); Department of Revenue v. Brookwood Assoc., Ltd., 324 So.2d 184 (1 D.C.A. Fla., 1975); and State of Florida Department of Revenue v. Peterson Outdoor Advertising Co., 296 So.2d 120 (1 D.C.A. Fla., 1974). While no Florida court has addressed the specific issue you have asked about, there has been some precedent set indicating that the courts would take the strict constructionist view in construing ch. 203, F. S. One of the first decisions to look at the gross receipts tax was City of Lakeland v. Amos, 143 So. 744
(Fla. 1932), wherein the Florida Supreme Court upheld the constitutionality of ch. 15658, 1931, Laws of Florida, which provision was the predecessor to ch. 203. The following observations of the court at 747 provide some insight as to how the Supreme Court views the nature and function of the gross receipts tax:
 The tax is on the corporation, firm, or individual for the privilege of engaging in the business or occupation of selling electricity, etc., and not upon money received for sales, though the excise is measured by reference to gross receipts from such sales. It is imposed without reference to profits or net income. It is not directly or indirectly levied upon any property, but is imposed directly and exclusively upon the business transactions of selling electricity, etc. The tax is not upon earnings, but upon the occupation or business of selling measured by reference to gross receipts from sales.
 The tax imposed is upon `all corporations, firms and individuals receiving payment for electricity for light,' etc., and the law does not require the tax to be specifically collected by the selling corporation from the purchaser of the electricity, etc. . . . .
 The tax here considered is a license or excise tax on the
corporations for the exercise by them of the granted statutory privilege of doing the business of selling
electricity, etc. . . . . (Emphasis supplied.)
From the foregoing it would appear that the court interprets the gross receipts tax to be an excise tax on the business of selling electricity, etc. The court was not concerned with taxing money received for sales, profits, earnings, or the net income of the business but rather using the gross receipts derived from the sale of electricity or gas as a means of measuring or determining the amount of the tax. Implicit in this opinion is the understanding that the term `gross receipts,' as used in s. 203.01, does not include the total income of a business, such as income derived from the sale of electrical or gas appliances, but is limited to the receipts derived from `payment for electricity for light, heat or power (or) for the use of telephones.'
One other factor that must be considered in answering your question is the Department of Revenue's construction of this statute. As has been previously stated, s. 203.01, F. S., has been in effect, in substantially the same form, since 1931. During this 49-year period first the Comptroller and then the Department of Revenue have been charged with the enforcement of ch. 203. The law in Florida is well established that contemporaneous construction of a statute by those charged with its enforcement and interpretation is entitled to great weight and that the courts will not depart from such construction unless it is clearly erroneous. United States Gypsum Company v. Green, 110 So.2d 409
(Fla. 1959); Warnock v. Florida Hotel and Restaurant Commission,178 So.2d 917 (3 D.C.A. Fla., 1965); Green v. Hood, 120 So.2d 223
(2 D.C.A. Fla., 1960); and Kirk v. Western Contracting Corp.,216 So.2d 503 (1 D.C.A. Fla., 1969). A departmental construction of a taxing statute acquiesced in for a long time by those affected by the statute is entitled to great weight when the statute is reasonably susceptible to two constructions; ordinarily it will be held controlling, and it will be followed unless it is clearly wrong or unauthorized. L.B. Price Mercantile Co. v. Gay,44 So.2d 87 (Fla. 1950), and 73 C.J.S. Public Administrative Bodies andProcedures s. 69. It is my understanding that neither the Department of Revenue nor its predecessor has at any time actively attempted to enforce this statute with respect to service connection fees or charges or to collect the gross receipts tax on such fees or charges. However, if the Department of Revenue, as the agency charged with enforcing the statute, has been collecting gross receipts tax on service connection charges, and in the absence of a judicial order to the contrary, its actions are clothed with a presumption of correctness. But, if the department has not been collecting the tax, it would seem totally inappropriate to begin collection now. Recently, the First District Court of Appeal stated in Randy Miller, et al. v. Agrico Chemical Company, 383 So.2d 1137 (1 D.C.A. Fla., 1980):
 A rule of statutory construction frequently applied is that the interpretation by an agency charged with administering a statute is to be given substantial weight. This rule has an even greater application when the agency attempts to change its administrative interpretation of the statute without any known or readily discernible reason for doing so.
Cf. Bloxham v. Consumers' Electric Light and Street Railroad Co.,188 So. 444 (Fla. 1895), and Hillsborough County Environmental Protection Commission v. Frandorson Properties, 283 So.2d 65 (2 D.C.A. Fla., 1973). When this rule of construction is read in conjunction with the general principle that taxing statutes are construed in favor of the taxpayer and against the taxing authority, considering the totality of the circumstances and using a modicum of common sense, it is apparent that the department would be unjustified in adopting a new policy of collection.
Prepared by: Linda C. Procta, Assistant Attorney General