386 So.2d 1274 (1980)
Joyce COSTANTINO, Appellant,
v.
Frank COSTANTINO, Appellee.
No. 79-1349.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Rehearing Denied September 18, 1980.
*1275 Elizabeth S. Baker and Stephen Maher and Kathy Hamilton, Miami, Legal Services of Greater Miami Inc., for appellant.
Lawrence & Daniels and Bonnie Lee Daniels, Miami, for appellee.
Before HUBBART, SCHWARTZ and DANIEL S. PEARSON, JJ.
PER CURIAM.
On the authority of Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980), we reverse the order below, which modified a 1968 divorce decree by changing custody of the parties' two boys from the mother to the father. We entirely agree with and adopt the reasoning and analysis of the Hegler decision, the facts of which are virtually on all fours with this one.[1] See also, Tilden v. Locke, 383 So.2d 976 (Fla. 3d DCA 1980). Unlike Hegler, however, we see no reason for remanding the cause for a determination of whether the trial court had jurisdiction under Section 61.1308(1)(c), Florida Statutes (1977). The testimony already taken at the "final hearing" below[2] contains no competent proof whatever that, as required by that subsection, the children *1276 had been abandoned, abused or neglected at their home in Michigan. We therefore direct that, after remand, the petition for modification be dismissed for lack of subject matter jurisdiction.[3]
Reversed and remanded with directions.
NOTES
[1] We see no valid distinction between the Hegler situation, in which the father himself took possession of the child in her home state, and this one, in which he arranged for the children's transportation to Florida after they had "run away from home."
[2] The hearing, which was noticed for 11:30 a.m. on June 5, 1979, commenced on an apparently ex parte basis without the wife's being represented. The father, the two boys, and their five-year-old half-brother "testified" in an informal colloquy with the trial court. After only fourteen pages of transcript, and thus no more than 15 minutes after the hearing began, the following appears:

MR. MAHER [wife's counsel]: Your Honor, I am Stephen Maher.
THE COURT: Who are you?
MR. MAHER: Stephen Maher.
Judge, I was not called when the case was called.
THE COURT: What case?
MR. MAHER: Costantino.
THE COURT: Well I was here at 28 minutes after 11:00.
This case was called.
MR. MAHER: I beg to differ with you.
THE COURT: You can differ with me all you want.
If you are involved in this case, sit down.
For what purpose are you here?
MR. MAHER: I have an appearance to be filed and I represent the wife in this case and I have a memorandum of law on the issue of jurisdiction.
THE COURT: Frankie, do you like living with your two half-brothers?
FRANKIE: Yes.
THE COURT: Do you want them to live with you?
FRANKIE: Yes.
THE COURT: All right, any other questions?
MR. NORTON [husband's counsel]: No, Judge.
THE COURT: The court is prepared to rule at this time.
MR. MAHER: May I have a moment to give you an argument relative to this case?
THE COURT: The time for argument is all up, counsel.
We have been here a long time and I will rule that the husband has the permanent care, custody and control of the children.
MR. MAHER: I would object to this procedure and I was here at 11:28.
THE COURT: Good day to you.
MR. MAHER: We would object to the Court's exercising this jurisdiction.
I prepared a lengthy memorandum of law and I would request the Court to give me a moment to argue this matter.
THE COURT: This case is terminated and this case is over.
Please prepare the order, Mr. Norton.
MR. NORTON: Yes.
(Thereupon the hearing was concluded.) [e.s.]
If the court did not lack subject matter jurisdiction, the trial judge's deprivation of the wife's right and opportunity to be heard  as so clearly demonstrated by the record  would require the granting of a new and fair trial on the merits. Cavalier v. Ignas, 290 So.2d 20 (Fla. 1974); A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980); Connors v. Connors, 327 So.2d 877 (Fla. 2d DCA 1976).
[3] This disposition will be, of course, without prejudice to appropriate proceedings in Michigan which, as the place they had lived for eleven years after their parents' divorce, was and remains the children's "home state." § 61.1306(5), Fla. Stat. (1979); see Hegler v. Hegler, supra, at 383 So.2d 1137, note 6.