T.C. Memo. 2007-235

UNITED STATES TAX COURT

MICHAEL C. HOLLEN & JOAN L. HOLLEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21915-05L.                    Filed August 16, 2007.

Michael C. Hollen and Joan L. Hollen, pro sese.

<u>Lisa K. Hunter</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.

<u>Background</u>

The record establishes and/or the parties do not dispute the
following.

Petitioners resided in Waterloo, Iowa, at the time they filed the petition in this case.

Petitioners jointly filed a Federal income tax (tax) return for their taxable year 1988.

On December 18, 1996, respondent issued to petitioners a notice of deficiency (notice) with respect to their taxable year 1988. Petitioners filed a petition with the Court with respect to that notice and commenced the case at docket No. 5586-97. (We shall refer to the case at docket No. 5586-97 as petitioners' Tax Court case.)

On January 9, 2001, the Court entered a decision in petitioners' Tax Court case (Tax Court decision). That decision provided in pertinent part:

> Pursuant to the opinion of the Court filed March 24, 2000, and incorporating herein the facts recited in respondent's computation as the findings of the Court, it is
>
> ORDERED AND DECIDED: That there is a deficiency in income tax due from petitioners for the taxable year 1988 in the amount of $55,550;
>
> That there is an addition to tax due from petitioners for the taxable year 1988, under the provisions of I.R.C. section 6653(a), in the amount of $2,777.50; and
>
> That there is an addition to tax due from petitioners for the taxable year 1988, under the provisions of I.R.C. section 6661, in the amount of $13,887.50.

On a date not disclosed by the record, petitioners filed a notice of appeal with the United States Court of Appeals for the

Eighth Circuit (Court of Appeals for the Eighth Circuit) with respect to the Tax Court decision.  On January 16, 2002, that Court affirmed the Tax Court decision.  <u>Hollen v. Commissioner</u>, 25 Fed. Appx. 484 (8th Cir. 2002).

On June 5, 2001, respondent assessed tax of $55,550, additions to tax under sections 6653(a)[1] and 6661 of $67,978.11 and $13,887.50, respectively, and interest as provided by law for petitioners' taxable year 1988.  On February 25, 2002, respondent assessed additional interest as provided by law.  (We shall refer to any unpaid assessed amounts with respect to petitioners' taxable year 1988, as well as interest as provided by law accrued after February 25, 2002, as petitioners' unpaid 1988 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 1988 liability.

On December 15, 2004, respondent issued to petitioners a notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to their taxable year 1988.

On December 28, 2004, respondent filed a notice of Federal tax lien (tax lien filing) with respect to petitioners for their taxable year 1988.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On December 29, 2004, respondent issued to petitioners a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to their taxable year 1988.

On January 5, 2005, in response to the notice of intent to levy, petitioners mailed to respondent Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).

On January 18, 2005, in response to the notice of tax lien, petitioners mailed to respondent Form 12153 and requested a hearing with the Appeals Office.

In Forms 12153 that petitioners submitted with respect to the notice of intent to levy and the notice of tax lien, respectively, petitioners stated:

> Income from a partnership was reported on the 1988 Form 1120 filed by Michael C. Hollen, D.D.S., P.C. That same income is alleged by the I.R.S. to be reported by Dr. and Mrs. Hollen. That constitutes double taxation. That issue was addressed by the Supreme Court in U.S. v. Supple-Biddle Hardware Co., 265 U.S. 189, "Such a duplication, even in an exigent war tax measure is to be avoided." [Reproduced literally.]

On May 6, 2005, a settlement officer with the Appeals Office (settlement officer) held a telephonic conference (May 6, 2005 conference) with petitioner Michael C. Hollen (Mr. Hollen) with respect to the notice of intent to levy and the notice of tax lien. During that conference, Mr. Hollen raised the following five issues with respect to petitioners' taxable year 1988: (1) The correctness of the underlying tax liability, (2) the

liability of petitioner Joan L. Hollen (Ms. Hollen) for the tax, (3) the propriety of filing a tax lien against Ms. Hollen, (4) the timing of the tax lien filing, and (5) the possibility that a "slander of title action" might be pursued against the Internal Revenue Service (IRS) under Iowa law because the tax lien filing was filed against Ms. Hollen.

During the May 6, 2005 conference, the settlement officer addressed each of the issues that Mr. Hollen raised during that conference. With respect to Mr. Hollen's claim that Ms. Hollen is not liable for the tax, the settlement officer advised Mr. Hollen that if Ms. Hollen believed that she was not liable for petitioners' unpaid 1988 liability, she should file Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief) (Form 8857).

On May 16, 2005, the settlement officer received Form 8857 from Ms. Hollen (Ms. Hollen's Form 8857). The settlement officer forwarded Ms. Hollen's Form 8857 to the IRS innocent spouse unit. On October 18, 2005, the IRS innocent spouse unit notified the settlement officer that it had concluded that Ms. Hollen was not entitled to relief under section 6015. Thereafter, the settlement officer began to prepare her determination with respect to the notice of intent to levy and the notice of tax lien.

On October 20, 2005, the settlement officer called (October 20, 2005 call) Ms. Hollen and informed her that Ms. Hollen's

request for relief under section 6015 would be denied, that the Appeals Office would issue to Ms. Hollen a notice of determination denying that request, and that Ms. Hollen would have the opportunity to petition the Tax Court for review of that determination. During the October 20, 2005 call, the settlement officer asked to speak with Mr. Hollen, but Ms. Hollen indicated that he was at work. During that call, the settlement officer also indicated that Mr. Hollen and Ms. Hollen would each receive a notice of determination with respect to the notice of intent to levy and the notice of tax lien.

On October 28, 2005, the Appeals Office issued to Ms. Hollen a "Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015" (notice of determination under section 6015) with respect to Ms. Hollen's Form 8857 in which the Appeals Office denied Ms. Hollen's request for relief under section 6015. On October 28, 2005, the Appeals Office sent a letter to Mr. Hollen notifying him that it had made a determination to deny that request.

On October 28, 2005, the Appeals Office issued to each petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination under sections 6320 and 6330) with respect to petitioners' taxable year 1988. Those notices were identical and stated in pertinent part:

**Summary of Determination**
The Notice of Intent to Levy and the Notice of Federal Tax Lien were issued properly.

An attachment to the notice of determination under sections 6320 and 6330 issued to each petitioner stated in pertinent part:

### SUMMARY AND RECOMMENDATION

The issuance of the Notice of Intent to Levy was appropriate.  The filing of the Notice of Federal Tax Lien was also appropriate.

### BRIEF BACKGROUND

The Notice of Intent to Levy ("Letter 1058") was issued 12/15/2004.  Internal Revenue Code 6330 provides for a Collection Due Process hearing for requests made within 30 days of the issuance of the Notice of Intent to Levy.  Your request for a hearing was received on 1/5/2005 and is considered timely.

A Notice of Federal Tax Lien Filing ("NTFL") and Your Right to a Hearing under IRC 6320 was mailed to you by certified mail on 12/29/2004.  This letter notified you that you had until 2/4/2005 to make a timely request for a hearing.  Your request for a hearing was received on 1/18/2005 and is considered timely.

You had the opportunity to raise any relevant issues relating to the unpaid tax, the Letter 1058 and the NFTL at a Collection Due Process hearing.  Appeals Settlement Officer * * * conducted your requested hearing on 5/6/2005, via telephone.  You were offered an opportunity to meet in person.  * * * [The settlement officer] had no prior involvement with the tax liability at issue.

**Basis for the Tax Liability**

The liability is based upon a tax court decision.

**DISCUSSION AND ANALYSIS**

**Matters considered pursuant to IRC § 6320**
**Verification of Legal and Procedural Requirements**

Prior to filing a NFTL, IRS must issue a notice and demand for tax for each liability to be listed on the notice. If the tax is not paid within 10 days of such notice and demand, a statutory lien arises on the 11th day. Notice of the statutory lien may be filed any time on or after the 11th day. Finally, IRS must notify the taxpayer of the filing of the NFTL and his/her right to a hearing within 5 business days of such filing.

Administrative procedures require the Revenue Officer to make a reasonable effort to contact the taxpayer to advise that a NFTL may be filed if payment is not made so that the taxpayer has an opportunity to make payment or other security arrangements. The Revenue Officer must also explain the effect of the NFTL filing on normal business operations and/or the taxpayer's credit rating. Administrative procedures in place at the time IRS requested the NFTL to be filed indicate that such action should not be taken if the taxpayer is working with IRS to resolve tax matters.

Transcripts of your account show the notice of tax and demand for payment was issued on 7/2/2001. Letter 1058 was sent 12/15/2004. The NFTL was filed on 12/28/2004. Letter 3172 was mailed on 12/29/2004.

The NFTL was filed more than 10 days after the notice of tax and demand for payment was mailed (date of assessment), and that Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC §6320, was mailed within 5 business days of the date of filing.

Administratively, the case file shows the Revenue Officer was in direct contact with your prior to filing the NFTL.

Based upon the best available information, it appears as though all applicable legal and administrative procedures were followed in filing the NFTL and were appropriate under the circumstances.

**Matters considered pursuant to IRC § 6330**
**Verification of Legal and Procedural Requirements**

The legal requirements prior to taking general enforcement action are issuance of notice and demand for tax, notice of intent to levy and notice of the taxpayer's right to a hearing.  In addition to the legal requirements, current administrative procedures governing Letter 1058 issuance require the Revenue Officer to have knowledge of a potential levy source and plan levy as the next intended action.

Transcripts of account show the notice of tax and demand for payment was issued 7/2/2001 and Letter 1058 was issued 12/15/2004.  Administratively, the Revenue Officer had knowledge of a usable levy source and levy appears to have been the next intended action because you had not made any proposals to resolve your tax debt.

Based upon the best available information, it appears as though all applicable legal and administrative procedures were properly followed in issuing Letter 1058 and were appropriate under the circumstances.

**Relevant Issues Presented by the Taxpayer**

In your written request for a hearing you indicate you disagree with the liability.  During the CDP hearing you raised issues concerning the tax liability.  * * * [The settlement officer] advised you since you previously had the underlying tax liability considered by Appeals, you were precluded from having this matter considered again at the CDP hearing.  Since you previously had the underlying tax liability considered by Appeals, you are precluded from having the liability considered again under Collection Due Process.

Joan [Ms. Hollen] filed a request for innocent spouse relief, Form 8857, received 5/16/2005.  The request has been denied.  An innocent spouse final determination letter has been sent to Joan denying her claim.

**Challenges made by the taxpayer to the appropriateness of the collection action**

You raised the issue that the NFTL was filed too quickly.  As noted above, the notice of tax and demand

for payment was issued on 7/2/2001.  Letter 1058 was
sent 12/15/2005.  The NFTL was filed on 12/28/2004.
The Revenue Officer followed all administrative proce-
dures in determining the NFTL should be filed.

You raised no issues concerning IRS' compliance with
its procedures in filing in issuing the Letter 1058.

You offered no collection alternatives.

**Balancing Efficient Collection With Intrusiveness of
Proposed Action**

IRC §6320 and IRC § 6330 requires the Appeals Officer
to consider whether any collection action balances the
need for efficient collection of the unpaid taxes with
the legitimate concern that such action be no more
intrusive than necessary.  It is my judgment that the
filing of the NFTL and the proposed levy action appear
to be no more intrusive than necessary for the effi-
cient collection of the unpaid tax.  IRS is justified
in proceeding with the proposed levy action as it sees
fit. [Reproduced literally.]

Petitioners filed a petition with the Court with respect to
the notice of determination under sections 6320 and 6330.[2]  In
that petition, petitioners alleged:

> 4. The determination that the Notice of Intent to
> Levy and the Notice of Federal Tax Lien were issued
> properly is based upon the following errors:
>
> > a. Error in concluding that the underly-
> > ing tax liability had previously been
> > considered by appeals thereby precluding
> > Petitioners from having the liability
> > considered again.
>
> 5. The law and facts upon which the Petitioners
> rely, as the basis of their case are as follows:

---

[2]Ms. Hollen did not file a petition with the Court with
respect to the notice of determination under section 6015.

a. The United States Tax Court, as affirmed by the United States Court of Appeals for the Eighth Circuit ruled that certain income was taxable to Petitioners for 1988 based upon a Revenue Agents report.  That same income had been reported by Petitioners' corporation its 1998 income tax return.  Petitioners filed Form 1040X, Amended U.S. Individual Income Tax Return in order to correct the duplication.  The U.S. Supreme Court, in U.S. v. Supplee-Biddle Hardware Co., 265 U.S. 189, ruled that "Such duplication even in an exigent war tax measure is to be avoided."  Respondent has not responded to nor taken any action respecting Form 1040X. Petitioner had requested that this issue be considered at the Collection Due Process Hearing.  [Reproduced literally.]

Upon reviewing respondent's administrative record with respect to petitioners' taxable year 1988, respondent's counsel discovered that the $67,978.11 addition to tax under section 6653(a) that respondent assessed on June 5, 2001, exceeded the amount of the addition to tax under section 6653(a) in the Tax Court decision, which was $2,777.50.  Upon the request of respondent's counsel, the settlement officer reviewed the assessments that respondent made with respect to petitioners' taxable year 1988 and took the action necessary to have the addition to tax under section 6653(a) and interest thereon abated to the extent they exceeded the addition to tax under section 6653(a) in the Tax Court decision and interest thereon.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Respondent issued a notice of deficiency to petitioners with respect to their taxable year 1988. Petitioners filed a petition with the Court with respect to that notice. On January 9, 2001, the Court entered a decision in petitioners' Tax Court case, which was affirmed by the Court of Appeals for the Eighth Circuit. The Tax Court decision provided, inter alia, that for petitioners' taxable year 1988 there were a deficiency of $55,550 in petitioners' tax and additions to that tax under sections 6653(a) and 6661 of $2,777.50 and $13,887.50, respectively. On the instant record, we find that petitioners may not challenge the existence or the amount of the underlying tax liability for their taxable year 1988.

Where, as is the case here, the validity of the underlying

tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Based upon our examination of the entire record before us, we find that, except for the determinations relating to respondent's assessment for petitioners' taxable year 1988 of excessive amounts of the addition to tax under section 6653(a) and interest thereon that respondent conceded,[3] respondent did not abuse respondent's discretion in making the determinations in the notice of determination under sections 6320 and 6330 with respect to petitioners' taxable year 1988.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and an appropriate decision for respondent will be entered.</u>

---

[3]In respondent's motion, respondent states: "Respondent has taken the necessary steps to abate the [$67,978.11] excess penalty (i.e., to the extent that it exceeds $2,777.50) and interest thereon."