# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1881

_____

| | | |
|---|---|---|
| Michael C. Hollen; Joan L. Hollen, | * | |
| | * | |
| Petitioners, | * | Appeal from the United States |
| | * | Tax Court. |
| v. | * | [UNPUBLISHED] |
| | * | |
| Commissioner of Internal Revenue, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted:   December 13, 2001
Filed:  January 16, 2002

_____

Before WOLLMAN, Chief Judge, JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Michael and Joan Hollen appeal from the tax court's[1] decision upholding their liability for taxes and additions to tax.  We affirm.

Michael and Joan Hollen, husband and wife, filed joint tax returns for 1988. Michael Hollen is a dentist who operates his business through a professional corporation, Michael C. Hollen, D.D.S., Professional Corporation (Hollen, P.C.).  In 1982, the Hollens and two other couples purchased a fruit and flower farm in San

_____

[1]The Honorable L. Paige Marvel, United States Tax Court.

Diego County, California, known as the Blue Bird Ranch (the ranch). Michael Hollen and the two other husbands formed a partnership to operate and manage the ranch. All of the couples orally agreed to transfer their interests in the ranch to the partnership. The transfer was never reduced to writing, and thus it was invalid under California law. Nevertheless, the partnership and the Hollens acted as if the partnership owned the ranch. The partnership claimed the expenses of operating the ranch, as well as depreciation of ranch assets, on its partnership tax returns. Michael Hollen signed all the partnership's tax returns. The IRS did not question the ownership of the ranch, even when it audited the partnership's tax returns. Michael Hollen never informed the IRS that the transfer to the partnership was invalid.

In October 1988, the Hollens and the other couples sold the ranch. Each couple received $10,000 directly as a result of the sale, with the purchasers assuming the remaining debt on the ranch. The partnership dissolved following the sale.

On March 15, 1989, the partnership filed a 1988 partnership tax return in which it recognized gain of $631,507 from sale of the ranch. The partnership issued to Michael Hollen a Schedule K-1, Partner's Share of Income, Credits, Deductions, Etc., which included a one-third share of the gain from the sale of the ranch.

The Hollens filed for an extension for filing their 1988 income tax return, and with this request paid an estimated tax liability of $80,000 based on information from Michael Hollen's Schedule K-1. In July 1989, Michael Hollen filed Hollen, P.C.'s 1988 federal income tax return, which did not reflect any income from the sale of the ranch or income from the partnership. In October 1989, Michael Hollen filed an amended return for Hollen, P.C., claiming that, prior to the sale of the ranch, he intended to transfer his personal interest in the partnership to Hollen, P.C. The amended return did not report any gain from the sale of the ranch. The Hollens also filed their 1998 income tax return, which did not report any gain from the sale of the ranch or any partnership income, in October 1989. On Schedule D of the return, the

Hollens listed the sale of Michael Hollen's partnership interest to Hollen, P.C. for a price equal to their adjusted basis in the property, thus resulting in no gain or loss. The Hollens claimed an overpayment of $78,946.

In 1992 or 1993, the IRS audited both the partnership's 1988 tax return and the Hollens' 1988 individual income tax return. The IRS assessed a deficiency against the Hollens in which it ignored the purported transfer of Michael Hollen's partnership interest to Hollen, P.C. The IRS also made additions to tax under I.R.C. §§ 6653(a) and 6661 (1988). The Hollens appealed the assessment to the tax court, which upheld the IRS's decision. Hollen v. C.I.R., No. 5586-97 (T.C. filed Jan. 9, 2001) (adopting opinion of the special trial judge, 79 T.C.M. (CCH) 1719 (March 24, 2000)). After adjusting the total tax due in the light of various concessions made by the IRS and the Hollens, the tax court entered a judgment against the Hollens for $55,550 in tax and $16,655 in additions to tax.

Before the tax court, the Hollens argued that because the transfer to the partnership was invalid, they owned the ranch individually and therefore were liable for tax on the sale to the extent the gain exceeds their original basis in the farm, with no adjustments for the depreciation taken by the partnership. The tax court held that this argument was barred by the doctrine of the duty of consistency, which prohibits taxpayers from taking one position on a tax return and a contrary position on a subsequent return after the limitations period has run for the earlier year. As set forth in Beltzer v. United States, 495 F.2d 211, 212 (8th Cir. 1974), the taxpayer is placed under a duty of consistency when:

> (1) the taxpayer has made a representation or reported an item for tax purposes in one year,
> (2) the Commissioner has acquiesced in or relied on that fact for that year, and

(3) the taxpayer desires to change the representation, previously made, in a later year after the statute of limitations on assessments bars adjustments for the initial tax year.

The Hollens argue that their error in thinking the partnership owned the ranch was one of law, to which the duty of consistency does not apply, citing Herrington v. C.I.R., 854 F.2d 755, 758 (5th Cir. 1988). Although the Hollens may have made a legal error in the attempted transfer, the question of who owned the property was, at best, a mixed question of fact and law, to which the duty of consistency applied. See id. at 758; LeFever v. C.I.R., 100 F.3d 778, 786 (10th Cir. 1996).

Our affirmance of the tax court's ruling that the Hollens do owe taxes forecloses their argument is that because they owe no tax, no additions should have been assessed. Their contention that Hollen, P.C. reported the gain on its return for fiscal year November 1, 1988-October 31, 1989, fails for want of proof, for, as the tax court noted, that return was not placed in evidence.

The judgment is affirmed. See 8th Cir. R. 47B.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-